IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Frankie J. Monroe | § | |
| | § | |
| v. | § | Civil Action No. C-05-412 |
| | § | |
| Corpus Christi Independent School District | § | |

**ORDER**

This is a civil rights action alleging employment discrimination. Pending is plaintiff's motion for reimbursement of a mediation fee and sanctions. (D.E. 20). A hearing was conducted regarding this pending motion on Friday, July 7, 2006.

**I. BACKGROUND**

On October 5, 2005, an order was issued referring the case to mediation. (D.E. 13). It had been previously explained to the litigants that "[a]ny party, as the case is discovered, who determines that the case is not suitable for mediation shall file a motion to vacate [the] mediation order and it will be vacated as to that party only. The Court will not force any party to mediation that does not believe the case suitable for mediation." (D.E. 12, at 2-3). In conducting the mediation, the parties were under certain strictures. First, they had to mediate in good faith:

> 8. **Commitment to Participate in Good Faith.** While no one is asked to commit to settle their case in advance of mediation, all parties commit to participate in the proceedings in good faith with the intention to settle, if at all possible.

(D.E. 8, at 3). Second, they both were supposed to have individuals with authority to negotiate a settlement at the mediation:

> 10. **Presence and Authority of Representatives.** Named parties shall be present during the entire mediation process if needed to settle, and each corporate party must be represented by an executive officer with authority to negotiate a settlement.

Id.

On April 25, 2006, a mediation was conducted, and the case was settled subject to the approval of the school board of trustees. (D.E. 20, at ¶ 2). Indeed, the mediator filed an ADR Memorandum with the Clerk of the Court indicating that the case had settled. (D.E. 15).

In her motion, plaintiff asserts that she first learned on May 15, 2006 that defendant would not settle the case when she received its motion for summary judgment. (D.E. 20, at ¶ 2). On May 25, 2006, plaintiff's counsel claims that he learned from defendant's counsel "that Defendant had initiated a new policy that provided, among other things, that the Defendant would no longer pay any money to settle lawsuits." Id. at ¶ 4. Plaintiff's counsel further asserts that neither he nor the mediator were apprised of this new policy. Id. at ¶ 5. Plaintiff argues that "the Defendant represented during the mediation it had the requisite authority to negotiate a settlement of Plaintiff's claims." Id. She seeks reimbursement of the $1,000 mediation fee as well as $1,225 in attorney's fees expended during the seven hour mediation. Id. at ¶ 6.

Defendant asserts that "[o]n or about May 8, 2006, a Board meeting was held with Corpus Christi ISD where the Board rejected said proposed settlement." (D.E. 24, at ¶ 1). It alleges that "plaintiff's counsel was notified that the Board had rejected the settlement proposal on or about May 11, 2006 and again on May 15, 2006." Id. It denies that its counsel stated "that the Board had initiated a new policy that provided, among other things, that it would no longer pay any money to settle lawsuits." Id. at ¶ 3. Instead, it claims that "plaintiff was informed ... that the Board was not going to pay lawsuits merely to get rid of them." Id.

At the July 7 hearing, the parties' arguments shifted slightly from those in their briefs. Plaintiff argued that defendant's decision to attend the mediation when it did not have settlement

authority constituted bad faith. While her counsel acknowledged that the school board had to approve any settlement, it was his experience that typically, any school district representative would have attended the mediation with a pre-approved limit for the negotiation. Consequently, any settlement agreement would already have the tacit approval of the school board. Then the agreement would simply be approved officially by the school board as within the pre-approved limits it had authorized for the negotiations.

Defendant argues that it attended the mediation and negotiated the settlement in good faith. Prior to the mediation, it made clear to plaintiff that any settlement had to be approved by the school board. After the mediation, defendant's counsel presented the settlement to the school board, but they declined to approve it.

## II.  DISCUSSION

**A.   The Court Has Authority To Sanction Defendant For Failing To Adhere To Mediation Orders.**

As the Fifth Circuit has explained, "[f]ederal courts have inherent powers which include the authority to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets." Scaife v. Assoc. Air Ctr. Inc., 100 F.3d 406, 411 (5th Cir. 1996) (citations omitted). As a general rule, the standards for imposing sanctions pursuant to a court's inherent powers is very high. Crowe v. Smith, 151 F.3d 217, 236 (5th Cir. 1998).

The Federal Rules of Civil Procedure also provide sanctions for parties that fail to comply with orders:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the

3

> judge, upon motion or the judge's own initiative, may make such
> orders with regard thereto as are just, and among others any of the
> orders provided in Rule 37(b)(2)(B), (C), (D).  In lieu of or in
> addition to any other sanction, the judge shall require the party or
> the attorney representing the party or both to pay the reasonable
> expenses incurred because of any noncompliance with this rule,
> including attorney's fees, unless the judge finds that the
> noncompliance was substantially justified or that other
> circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).  The Fifth Circuit has explained that a party who ignores a pre-trial order does so at its own peril.  See Rushing v. Kansas City S. Ry., 185 F.3d 496, 508 (5th Cir. 1999).

In Scaife, the plaintiff filed a diversity action for breach of contract.  Pursuant to Rule 16, the district court issued a mediation order that stated in relevant part: "The named parties shall be present during the entire mediation process and each party which is not a natural person must be represented by an executive officer with authority to negotiate a settlement. Counsel and parties shall proceed in a good faith effort to try to resolve this case."  100 F.3d at 408.  When the defendant learned that plaintiff did not intend to appear at the mediation, but instead would send his agent, the defendant raised the matter with the district court.  Id.  After a conference, the court made clear that plaintiff was to attend the mediation.  Id.  As a result, plaintiff advised his attorney to file a voluntary motion to dismiss without prejudice.  Id.  The mediation still took place the next day without the plaintiff in attendance.  Id.  Pursuant to Rule 16(f), the court ordered plaintiff to pay all of defendant's costs related to the mediation and subsequent hearing, including attorney's fees.  Id. at 408-09.  The court also sanctioned plaintiff's counsel.  Id. at 409.  After the court granted the defendant's motion for summary judgment, plaintiff appealed that order as well as the order granting sanctions, and his attorney appealed the sanctions against him.   The Fifth Circuit found that the sanctions against the plaintiff's attorney were overly

broad and excessive. Id. at 412. It determined that the attorney attempted to comply with the order by sending to the mediation the executive who had the personal knowledge of the contract as well as requisite authority to settle. Id. Instead, it found that the sanctions against the plaintiff alone were sufficient. Id.

In Nick v. Morgan's Foods, Inc., 99 F. Supp.2d 1056 (E.D. Mo. 2000), the district court issued an order requiring mediation in an employment discrimination case. Id. at 1057. Specifically, it ordered: "Duty to Attend and Participate: All parties, counsel of record, and corporate representatives or claims professionals **having authority to settle claims** shall attend all mediation conferences and **participate in good faith**." Id. at 1058 (emphases in original). The defendant failed to adhere to this court order:

> Morgan's Foods also failed to have a representative attend the conference who had authority to settle. Morgan's Foods' corporate representative who attended the conference did not have any independent knowledge of the case, nor did she have authority to reconsider Morgan's Foods' position regarding settlement. The limit of Morgan's Foods' regional manager's authority was $500. Negotiation of any settlement amount above $500 had to be handled by Morgan's Foods' general counsel, who was not present at the ADR conference.

Id.

The Nick court determined that "Rule 16 expressly gives the court the authority in its discretion, to order litigants to participate in pretrial proceedings, including hearings to facilitate settlement." Id. at 1060. It further noted that Rule 16(f) authorized sanctions for failure to adhere to court orders. Id. The court found that "when a corporate representative with the authority to reconsider that party's settlement position is not present, the whole purpose of the mediation is lost, and the result is an even greater expenditure of the parties' resources, both time

and money, for nothing." Id. at 1063. Consequently, the court awarded mediation costs and attorney's fees to plaintiff as well as other sanctions. Id. at 1064. The Eighth Circuit affirmed the various sanctions. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 597 (8th Cir. 2001).

Courts clearly have awarded sanctions for a party's failure to send individuals with settlement authority to a mediation. See also Dvorak v. Shibata, 123 F.R.D. 608, 610-11 (D. Neb. 1988). Another important factor for consideration, however, is the role, pursuant to Texas law, that a school board of trustees has in approving such settlements.

**B. School Boards Generally Retain The Right To Approve Negotiated Settlements.**

Under Texas law, the Board of Trustees of an Independent School District have broad powers. See generally Tex. Educ. Code Ann. § 11.151. Specifically, the code establishes that

> The trustees as a body corporate have the exclusive power and duty to govern and oversee the management of the public schools of the district. All powers and duties not specifically delegated by statute to the agency or to the State Board of Education are reserved for the trustees, and the agency may not substitute its judgment for the lawful exercise of those powers and duties by the trustees.

Tex. Educ. Code Ann. § 11.151(b). In the employment context, the school board maintains final authority unless delegated to the superintendent, and the school board may reject recommendations made by the superintendent regarding employment. See Tex. Educ. Code Ann. § 11.163. Texas law establishes that "final policymaking authority in an independent school district ... rests with the district's board of trustees." Jett v. Dallas Indep. Sch. Dist., 7 F.3d 1241, 1245 (5th Cir. 1993); see also Favero v. Huntsville Indep. Sch. Dist., 939 F. Supp. 1281, 1294 (S.D. Tex. 1996) ("Under Texas law, a school district can act only by and through its Board of Trustees."), aff'd mem. 110 F.3d 793 (5th Cir. 1997); Davis v. Duncanville Indep. Sch.

Dist., 701 S.W.2d 15, 17 (Tex. App. 1985) ("The legislature has granted to the Board of Trustees of the District the exclusive power to manage and govern the schools within its jurisdiction."). "It is a well-established rule in Texas that where the legislature has committed a matter to a political subdivision of the state, that subdivision may act only as a body corporate at a properly called meeting." Davis, 701 S.W.2d at 17.

A school superintendent, however, acts as the agent of the school district's board of trustees. Bowman v. Lumberton Indep. Sch. Dist., 801 S.W.2d 883, 888 (Tex. 1990); McKinney Indep. Sch. Dist. v. Carlisle Grace, Ltd., 83 S.W.3d 205, 210 (Tex. App. 2002); La Villa Indep. Sch. Dist. v. Gomez Garza Design, Inc., 79 S.W.3d 217, 223 (Tex. App. 2002). Furthermore, in some situations a school superintendent takes actions as the board's agent within the scope of apparent authority. See Bowman, 801 S.W.2d at 888 (superintendent issues paychecks and deals with financial amounts payable under teacher contacts within scope of apparent authority).

Here, the Texas legislature has invested the school board with authority to manage matters such as this litigation. There is no evidence that defendant was acting with apparent authority from the school board in attending the mediation. On the other hand, there is strong support for defendant's argument that it could not have final settlement authority and that any settlement negotiated at the mediation must be ultimately approved by the school board. Plaintiff has failed to offer any case law to support its position that defendant acted in bad faith by not having delegated settlement authority, or by not obtaining a pre-approved settlement limit from the school board.

Moreover, a closer analysis of the mediation order indicates that defendants did not violate the letter of the order. It clearly had someone with authority to negotiate a settlement

even though it did not (and could not) have anyone who could bind the school board to the agreed settlement. In the future, similarly situated plaintiffs may want to determine the full nature of the authority such a defendant brings to a mediation. Nonetheless, defendant did not act in a manner that warrants a sanction in this case.

### III. CONCLUSION

Accordingly, plaintiff's motion for reimbursement of the mediation fee and sanctions, (D.E. 20), is DENIED.

ORDERED this 17th day of July 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE